IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CR-65-TAV-DCP |
| | ) | |
| DAMION E. KNOX, et al, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on Defendant Shadeja T. Chander's Motion to Continue Trial and Extend Deadlines [Doc. 302], filed on November 4, 2019. Three codefendants have moved to adopt this motion: Defendant Darius L. Knox [Doc. 303], Defendant Jeremiah I. Johnson [Doc. 304], and Defendant Damion E. Knox [Doc. 313]. Defendant Papa C. Diop has filed a response [Doc. 315] in opposition to the motion.

On November 18, 2019, the parties appeared before the undersigned for a motion hearing on the pending motions. Assistant United States Attorney Brent Nelson Jones appeared on behalf of the Government. The following defense counsel represented the Defendants: Attorney Ursula Bailey for Defendant Damion Knox; Attorney Stephen G. McGrath for Defendant Jeremiah Johnson; Attorney Michael Thomas Cabage for Defendant Virgil L. Crawford; Attorney Ruth Thompson Ellis for Defendant Shadeja Chandler; Attorney Kevin Angel participated by telephone for Defendant Ciara M. Reynolds; Attorney Francis L. Lloyd, Jr., for Defendant Darron

D. Blackwell; and Attorney John Christopher Barnes for Defendant Darius Knox. Defendants Damion Knox, Johnson, Diop, Crawford, and Blackwell were also present.[1]

Defendant Chandler moves [Doc. 302] the Court to continue the January 21, 2020 trial date in this case and to reset all pretrial deadlines. The motion relates that counsel needs additional time to complete her review of the discovery, file and litigate pretrial motions, interview witnesses and prepare the case for trial. The Defendant notes that the discovery in this case is voluminous and includes thousands of text messages, photographs, and other communications from multiple cellular telephones. The motion also states that the parties are engaged in negotiations to resolve the matter without a trial. The motion relates that the Government does not oppose the requested relief. Defendants Darius Knox [Doc. 303], Johnson [Doc. 304], and Damion Knox [Doc. 313] join in this motion.

At the motion hearing, Ms. Ellis stated that it is approximately nine weeks until the January 21 trial date. She stated that the Superseding Indictment alleges twenty-five counts, including a year-long conspiracy to distribute heroin and fentanyl and to launder the proceeds therefrom and contains forfeiture allegations. She noted that one of the twenty three codefendants has yet to enter the case. Ms. Ellis said that the potential sentences are severe. She observed that the discovery in this case is voluminous and includes some fourteen gigabytes of material extracted from multiple cellphones. She alleged that plea negotiations are ongoing in this case and that she is hesitant to file pretrial motions that may derail those negotiations. She noted that Defendant Diop objects to a trial continuance, because he remains detained. Ms. Ellis said that while she respects that position, an ends-of-justice continuance under the Speedy Trial Act does not take into

---

[1] Defendants Chandler and Reynolds were excused from the hearing. The United States Marshals Service mistakenly failed to transport Defendant Darius Knox for the hearing; however, Attorney Barnes represented that he had discussed the motion with him and had no objection to going forward without him being present.

account whether a codefendant is detained. Ms. Ellis asked for a new trial date in the spring of 2020.

Mr. Barnes, who has moved to join in the motion to continue, stated that the parties have made good progress on the case, since Defendant Chandler's motion was filed. He asked for an extension of the motion deadline to January or February 2020 and a trial date in June. Mr. McGrath stated that Defendant Johnson also has yet to finalize plea negotiations. He said he has discussed a trial continuance with Defendant Johnson, who has no objection to the continuance. He also requested an extension of the motion deadline to January or February 2020. Ms. Bailey, who has also moved to join in the continuance, had nothing to add. Mr. Cabbage said that Defendant Crawford takes no position on the motion. Mr. Angel stated that Defendant Reynolds is in favor of a continuance, because he is newly retained as substitute counsel. Mr. Lloyd said that he has discussed a possible continuance with Defendant Blackwell, who does not oppose the motion. He agreed with the need for an extension of the motion deadline.

Mr. Eldridge said that the sole basis for Defendant Diop's objection to a trial continuance is that he continues to be held in custody, while the Government's appeal of his release remains pending before the District Judge. He said that if Defendant Diop were to be released, he would not oppose a continuance.

AUSA Nelson said that the Government is ready for trial but does not oppose a continuance. He noted that he is engaged in plea negotiations with several Defendants. He said that he understood Mr. Eldridge's position but that a single trial of all codefendants is the most efficient use of the Court's time. He agreed that the discovery in this case is voluminous and that a January or February motion deadline seems appropriate.

The Court finds Defendant Chandler's motion to continue the trial, which is joined by Defendants Knox, Johnson, Reynolds, Blackwell, and Darius Knox, and unopposed by the

Government or Defendant Crawford, to be well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court begins by observing that the Superseding Indictment [Doc. 99] charges twenty-three Defendants with conspiring to distribute and possess with intent to distribute heroin and fentanyl (Count One), over nearly one year. Defendants Damion Knox, Johnson, Chandler, and others are charged with money laundering during this same timeframe (Count Two). Defendants Damion Knox (Counts Four, Nine, & Eleven), Chandler (Count Nine), Diop (Count Eleven), Crawford (Count Sixteen), Johnson (Count Twenty-One), and Blackwell (Count Twenty-four) are charged with substantive counts of drug distribution. Defendants Damion Knox (Counts Ten & Twelve), Diop (Count Thirteen), and Johnson (Count Twenty-two) with possession of a firearm in furtherance of drug trafficking. Defendants Damion Knox (Count Fourteen) and Johnson (Count Twenty-three) are also alleged to have been a felon in possession of a firearm. Defendant Darius Knox is charged with receiving a firearm, while under indictment (Count Twenty-five). The Court observes that one of the twenty-three Defendants charged in the Superseding Indictment has yet to appear in the case.

The Defendants contend and the Government agrees that the discovery in this case is voluminous. The fourteen gigabytes of discovery includes information extracted from multiple cellular telephones. Some defense counsel are still reviewing the discovery, particularly Attorney Angel, who was substituted as newly retained counsel for Defendant Reynolds on November 14, 2019. These defense counsel need more time to file and litigate pretrial motions. Additionally, Defendant Crawford filed a Motion to Suppress Evidence [Doc. 300] on November 1, 2019. This motion is not yet ripe for an evidentiary hearing. After the Government files its response, the Court will need to hold an evidentiary hearing on this motion. *See* 18 U.S.C. § 3161(h)(1)(H). Following the evidentiary hearing, the Court will need time to prepare a report and

recommendation on the motion. *Id.* Once the parties have filed any objections, the District Judge will need time to rule on the motion. *Id.* Finally, counsel will need time to prepare for trial in light of the Court's ruling on pretrial motions. The Court finds that all of this cannot occur before the January 21, 2020 trial date or in less than three and one-half months. Accordingly, the Court finds that a trial continuance is warranted for counsel to have the reasonable time necessary to prepare for trial, despite their use of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The Court also finds that the instant case is complex for purposes of the Speedy Trial Act. This case involves twenty-three Defendants. The Superseding Indictment alleges drug and money laundering conspiracies spanning nearly a year and contains enhancements due to overdose deaths and forfeiture allegations. The discovery in this case is voluminous. Thus, due to the number of defendants and the nature of the prosecution, including the voluminous discovery stemming therefrom, the Court finds "that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii). Accordingly, the Court finds that this case should be designated as "complex" for speedy trial purposes.

Finally, the Court finds that although Defendant Diop objects to a trial continuance, the time leading up to a March 10, 2020 trial date is also excludable as to him, because he is joined for trial with other codefendants for whom the time for trial has not run and from whom he has not been severed. 18 U.S.C. § 3161(h)(6). Unlike some periods of delay automatically excluded by the Speedy Trial Act, delay caused by joinder with a codefendant must be reasonable. *Henderson v. United States*, 476 U.S. 321, 327 (1986). The undersigned finds that the three and one-half-month period of delay to permit counsel for codefendants to review discovery, file and litigate pretrial motions, and prepare for trial is reasonable, particularly given the large number of

5

Defendants in this case. Accordingly, the Court finds the delay is also attributable to Defendant Diop, despite the fact that he objects to the motion to continue. *See* 18 U.S.C. § 3161(h)(6).

For the reasons discussed above, Defendant Chandler's motion to continue the trial and schedule in this case [**Doc. 302**], along with the motions [**Docs. 303, 304, & 313**] to join in that motion, are **GRANTED**, and the trial is reset to **March 10, 2020**. The Court finds that all the time between the filing of the motion to continue on November 4, 2019, and the new trial date of March 10, 2020, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D), -(1)(H), -(6), & -(7)(A)-(B). With regard to additional scheduling in this case, the Government's deadline for responding to Defendant Crawford's suppression motion is **December 10, 2019**. The Court will hold an evidentiary and suppression hearing on Defendant Crawford's suppression motion on **December 17, 2019, at 1:30 p.m.**[2] The deadline for filing pretrial motions is extended to **January 31, 2020**. The deadline for concluding plea negotiations and providing reciprocal discovery is **February 10, 2020**. Responses to motions are due on or before **February 14, 2020**. The parties are to appear before the undersigned for a motion hearing on any pending pretrial motions on **February 20, 2020, at 9:30 a.m.** The Court did not set a new final pretrial conference in this case. If the parties desire a final pretrial conference, they must contact Chambers at least three weeks prior to the trial date to schedule one. All motions *in limine* must be filed no later than **February 24, 2020**. Requests for special jury instructions are due by **February 28, 2020**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

---

[2] This hearing was originally scheduled for December 17, 2019, at 9:30 a.m., but the time was subsequently changed to 1:30 p.m.

(1) Defendant Shadeja T. Chander's Motion to Continue Trial and Extend Deadlines [**Doc. 302**], along with the motions [**Docs. 303, 304, & 313**] to adopt this motion, are **GRANTED**;

(2) The trial of this matter is reset to commence on **March 10, 2020**, at **9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) This case is declared to be complex for purposes of the Speedy Trial Act;

(4) All time between the filing of the motion to continue on **November 4, 2019**, and the new trial date of **March 10, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(5) The Government's deadline for responding to Defendant Crawford's Motion to Suppress Evidence [Doc. 300] is extended to **December 10, 2019**. The Government and Defendant Crawford are to appear before the undersigned for an evidentiary and suppression hearing on this motion on **December 17, 2019, at 1:30 p.m.**;

(6) The deadline for filing pretrial motions is reset to **January 31, 2020**. Responses to motions are due on or before **February 14, 2020**;

(7) The deadline for concluding plea negotiations and providing reciprocal discovery is **February 10, 2020**;

(8) The undersigned will hold a motion hearing on all pending pretrial motions on **February 20, 2020, at 9:30 a.m.**;

(9) Motions *in limine* must be filed no later than **February 24, 2020**; and

(10) The parties must file any requests for special jury instructions with appropriate citations by **February 28, 2020**.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge