IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CR-65-TAV-DCP |
| | ) | |
| DAMION KNOX, VIRGIL CRAWFORD, | ) | |
| MARANDA JORDAN, | ) | |
| CIARA REYNOLDS, and | ) | |
| DARRON BLACKWELL, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court upon Defendant Knox's Motion for Leave to File Motion for *Franks* Hearing [Doc. 434] and Defendant Blackwell's Motion to Continue Trial Date and to Extend Pretrial Deadlines [Doc. 451].

On July 22, 2020, the parties appeared before the Court for a telephonic motion hearing. Assistant United States Attorney Brent Jones participated on behalf of the Government. Attorney Phil Lomonaco appeared on behalf of Defendant Knox, Attorney Jessica McAfee appeared on behalf of Defendant Crawford, Attorney Joseph McAfee appeared on behalf of Defendant Jordan[1], Attorney Kevin Angel appeared on behalf of Defendant Reynolds, and Attorney Francis Lloyd appeared on behalf of Defendant Blackwell.

---

[1] Attorney Joseph McAfee noted that Defendant Jordan had recently filed a plea agreement in this case. [Doc. 432].

Defendant Blackwell moves [Doc. 451] the Court to continue the August 4, 2020 trial date and related deadlines in this case to allow counsel more time to review discovery and prepare for trial. Further, the motion relates that the Government does not object to the requested continuance.

During the motion hearing, Attorney Lloyd stated that due to the COVID-19 pandemic, he was unable to meet with Defendant Blackwell and was therefore unable to prepare in a timely manner due to restrictions at the Laurel County Detention Center. Attorney Lloyd stated that Defendant Blackwell agreed to waive his speedy trial rights with respect to the pending motion. Additionally, Attorney Lomonaco stated that Defendant Knox wished to join in the pending motion, Attorney Joseph McAfee stated that Defendant Jordan did not object to the pending motion due to her signed plea agreement, Attorney Angel stated that Defendant Reynolds wished to join the pending motion, and Attorney Jessica McAfee stated that Defendant Crawford also wished to join the pending motion. Defense counsel noted difficulties in trial preparation and obtaining in-person visitation with the respective Defendants due to the COVID-19 pandemic. Lastly, AUSA Jones stated that the Government did not oppose the request for a continuance, and would join in the motion, noting the difficulty for defense counsel to speak with their clients. Additionally, AUSA Jones stated that one identified witness has already contracted the COVID-19 virus. The parties then agreed upon a new trial date of January 12, 2021.

The Court finds Defendant Blackwell's motion to continue the trial to be well-taken due to the complexity of the present case and the need for effective trial preparation in light of the COVID-19 pandemic. It also finds that the ends of justice served by continuing the trial outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Ultimately, due to the lack of objection from the parties, the Court finds that continuing the trial

for approximately five months is necessary in this case in order to give counsel the "reasonable time necessary for effective preparation." 18 U.S.C. § 3161(h)(7)(B)(iv). Accordingly, the Court finds that a trial continuance is warranted for counsel to have the reasonable time necessary to prepare for trial, despite their use of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

Therefore, Defendant Blackwell's Motion to Continue Trial Date and to Extend Pretrial Deadlines [Doc. 451] is **GRANTED**, and the trial of this matter is reset to **January 12, 2021**. The Court finds that all the time between the filing of Defendant Blackwell's motion on July 16, 2020, and the new trial date of January 12, 2021, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). With regard to additional scheduling in this case, the deadline for concluding plea negotiations and providing reciprocal discovery will be **December 12, 2020.** The Court will assess the necessity of a pretrial conference at this time and contact the parties for future scheduling. The Court instructs the parties that all motions *in limine* must also be filed no later than **December 28, 2020**. Special requests for jury instructions shall be submitted to the District Judge no later than **December 31, 2020**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

The Court also addressed Defendant Knox's Motion for Leave to File Motion for *Franks* Hearing [Doc. 434]. Federal Rule of Criminal Procedure 12(b)(3)(C) requires that "a motion to suppress evidence" must be made prior to trial. Rule 12 gives the Court the authority to set a deadline for filing pretrial motions. Fed. R. Crim. P. 12(c). "A party waives any Rule 12(b)(3) defense, objection, or request not raised by the deadline the court sets under Rule 12(c) or by any extension the court provides." Fed. R. Crim. P. 12(e). However, good cause is shown when a "particular motion was not filed because the information upon which the new motion is based was

3

not obtainable at the time of the earlier motion." *See United States v. Jones*, No. 3:07-CR-162, 2009 WL 973206, at *4 (E.D. Tenn. Apr. 9, 2009), *aff'd*, 2009 WL 1471807 (E.D. Tenn. May 27, 2009). Defendant Knox states that the reason for the untimely filing is information learned from a co-defendant on May 1, 2020. While the Government responds that the supporting documents for Defendant Knox's motion existed prior to the March 20, 2020 motion deadline, it further responds that arguably good cause has been shown and that the Government does not object to Defendant's motion. Therefore, the Court finds that Defendant Knox has established good cause for leave to file a motion for a *Franks* hearing. Accordingly, Defendant Knox's Motion for Leave to File Motion for *Franks* Hearing [Doc. 434] will be **GRANTED**, and his Motion for *Franks* Hearing [Doc. 435] is deemed filed. Following the hearing, the Court contacted the parties to schedule a hearing on Defendant's pending Motion for *Franks* Hearing [Doc. 435] for **August 10, 2020 at 1:30 p.m.** The Court also reserved **August 24, 2020 at 1:30 p.m.** for a *Franks* hearing if Defendant was able to make the preliminary showing required to merit a *Franks* hearing.

Accordingly, it is **ORDERED** as follows:

> (1) Defendant Blackwell's Motion to Continue Trial Date and to Extend Pretrial Deadlines [Doc. 451] is **GRANTED**;
>
> (2) The trial of this matter is reset to commence on **January 12, 2021**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;
>
> (3) All time between the filing of the motion on **July 16, 2020**, and the new trial date of **January 12, 2021**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;
>
> (4) The deadline for concluding plea negotiations and providing reciprocal discovery in the present case will be **December 12, 2020**;
>
> (5) The Court instructs the parties that all motions *in limine* must be filed no later than **December 28, 2020**;

4

(6)  Special requests for jury instructions shall be submitted to the District Judge no later than **December 31, 2020**, and shall be supported by citations to authority pursuant to Local Rule 7.4.; and

(7)  Defendant Knox's Motion for Leave to File Motion for *Franks* Hearing [Doc. 434] will be **GRANTED**, and his Motion for *Franks* Hearing [Doc. 435] is deemed filed.  The Court will hold a motion

hearing solely as to Defendant Knox's Motion for *Franks* Hearing [Doc. 435] on **August 10, 2020 at 1:30 p.m.**

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

5